## George W. Moore v. The People.

The survey of a road from its commencement to its termination is an entire thing; and a part of the record of such survey giving the course and distance across a particular section only, cannot be read in evidence, without permitting the whole record of the survey to go to the jury.

Parol evidence of the existence of certain marked trees and monuments not called for in the survey of a road, is inadmissible to establish, by these marks and monuments, a line of the road variant from that called for by the courses and distances, by which alone such line is designated in the survey.

Error to Wayne District Court. The case is fully stated in the opinion.

*H. T. Backus*, for the plaintiff in error.

*A. W. Buel*, for the People.

Miles, J., delivered the opinion of the Court.

Moore, the plaintiff in error, was indicted in the court below for a nuisance in obstructing a highway, by erecting a fence across the same, on section 19, in the township of Wayne.

It appears from the bill of exceptions, that the prosecution, to prove the existence of a highway on said section 19, and where the fence erected by the defendant stood, offered in evidence, in connection with the testimony of Eli Bradshaw, a witness for the prosecution, the township record of the township of Huron, containing the record of the laying out and survey of a public highway in that township, as established 17th March, 1831; and then, after showing that the township of Huron, at the time of the survey, comprised the present townships of Wayne and Van Buren, read from the record of the survey of the road, one course and distance, to wit: "North 88 degrees east, 80 chains," (being the course and distance in the township of Wayne, from among the courses and distances contained in the record of the survey in other townships, and only a part of said record,) without giving, by the record, any point of beginning or termination of the course of the road as actually laid out and opened. It appears, also, that the western end or beginning, and the eastern end or termination of the road on section nineteen, were proved by the witness, without reference to the record of the road, to have been found and fixed by him, on the day of the trial, or the day previous thereto, under the direction and instruction of the commissioners of Highways, by fixing permanent monuments. The witness also stated that he actually run the line of the road and caused trees to be marked, designating its precise location across said section. To the introduction of this evidence the defendant below objected; but the objection was overruled, and the evidence received.

The prosecution also offered to show, by parol, by the

surveyor and one of the highway commissioners who surveyed and laid out the road described in the record, the point of commencement and termination of said course and distance, by certain stakes on the west and east sides of said section nineteen; to which evidence, the defendant also objected; but the objection was overruled and the evidence received.

The defendant offered to read the whole of the record in evidence to the jury; which evidence being objected to by the counsel for the prosecution, and rejected, the defendant then offered to prove, that if the highway described in the record were protracted and actually run out, following the courses and distances, from its commencement to its termination, as described in the record, it would not touch said section nineteen; which evidence was objected to by the plaintiff, and rejected by the court.

The defendant having excepted to the ruling of the court below upon these several questions, now assigns the same for error in this court.

By the statute of 1827, under which this road must have been laid out, the commissioners of highways are authorized and required to lay out new roads upon actual survey. R. L. 1827, p. 388.

The doctrine that the whole of a document when offered in evidence, or so much as is material to the question, must, if required, be read, is well settled, and is not questioned by the counsel for the prosecution in this case; but it is insisted, that, as it was proved by the witness Bradshaw, that he surveyed the part of the route of the road commencing at the quarter post standing between the N. W. and S. W. quarters of section nineteen, and running easterly to the opposite quarter post on the east side of the section, this course and distance are, therefore, completely independent of all the others mentioned in the survey; that it was incompetent to introduce any evi-

dence respecting them, and that the principle that the whole of a document must, if required, be read, does not apply.

We think this is a mistaken view of the statute. It declares that "the course and distance of the commencement and termination of all roads to be hereafter laid out and established, shall be ascertained from the nearest corner or quarter section stake." R. L. 1827, p. 388, § 1. This makes the quarter section post the starting point: from this point the course and distance is to be ascertained, or all the courses and distances, between the commencement and the termination of the road.

The survey of a road is an entire thing, with a given point for its commencement, and by which all the courses and distances are to be governed. Can it be said that any single course and distance is independent of the others, and that a surveyor could survey that part of the route, *as required by the first section of the act*, by commencing at any other quarter post than that at the commencement of the survey? By the copy of the survey which is made a part of the bill of exceptions in the case, it appears that the course and distance testified to by the witness, is the sixteenth course from the commencement of the survey. The starting point is, then, at the commencement of the survey, at the N. E. angle of section twenty-eight, town two south, range eight east; thence first north, three chains ten links, and so on.

The case of *Catt* v. *Howard*, 14 Eng. C. L. R. 144, referred to by the plaintiff, is not applicable. That was a case where the plaintiff, having read in evidence an entry from the defendant's day book, the defendant was not entitled to read distinct entries in different parts of the book, *unconnected with the entry read*. In the case at bar there is the most intimate connection between the different courses and distances in the survey; they form the parts of which

the survey is the whole; and the prosecution had no right to read a part, without the whole, if required; much less to insist that the starting point of any one of the corners, was the point contemplated in the statute as the *commencement of the road*. The prosecution having read this part of the survey, it was clearly competent for the defendant to read the whole of it, for the same purpose for which it was offered by the prosecution.

In this view of the case it is entirely unnecessary to enquire whether the paper offered, was or was not on record. It was offered by the prosecution as evidence, and being so offered, the defendant, upon every principle of law and of fairnes, was entitled to have the whole of it go to the jury.

The prosecution were also permitted to show, by parol, the existence of certain marked trees and monuments, not called for in the survey, and to establish the line of the road by these marks and monuments, variant from the survey.

In the case of *Bruckner's Lessee* v. *Lawrence*, decided in this court, (1 Doug. Mich. R. 19,) it was expressly declared that parol evidence, that a line was found marked upon the trees upon the land, but variant from the call of the patent, and not indicated by the monument called for in the patent, will not be admitted to alter or vary the boundary as described by *course and distance* in the the patent; and that when there is nothing in the conveyance to control the call for course and distance, the land must be run according to the course and distance given in the description of the premises.

We think the principle of that case is clearly applicable to the case before us upon this point.

The court below having erred in these particulars, their judgment must be reversed.

*Judgment reversed.*